UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL MIRANDA, et al. | ) | CASE NO. 5:22-cv-02015 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | DEFENDANT'S MOTION FOR |
| | ) | JUDGMENT ON THE PLEADINGS AS |
| DAVID STANFILL, | ) | TO CLAIM OF MICHAEL MARANDA |
| | ) | LLC FOR LOST PROFITS |
| Defendant. | ) | |

Defendant David Stanfill, pursuant to Fed. R. Civ. P. 12(C), hereby moves for judgment on the pleadings as to Plaintiff Michael Maranda LLC's claim for loss of profits. As explained below, the lack of a contract between Plaintiff and Defendant prevents Plaintiff from recovering lost profits for fraud. In support of the motion, Defendant submits the attached memorandum of law.

*/s/ Jack B. Cooper*
Jack B. Cooper (#0069321)
Milligan Pusateri Co., LPA
P.O. Box 35459
4684 Douglas Circle N.W.
Canton, OH 44735
Phone: (234) 209-9793
Fax: (330) 409-0249
Email: jcooper@milliganpusateri.com
*Counsel for Defendant*

**MEMORANDUM IN SUPPORT OF MOTION**

**INTRODUCTION**

This motion addresses the potential damages associated with the fraud claim asserted by Plaintiff Michael Maranda, LLC (MMLLC). The question of what categories of damages might be available to MMLLC for fraud has tremendous ramifications for the potential course of this litigation. If MMLLC is entitled to lost profits, as it claims, the discovery directed to that claim will, by far, outweigh discovery for all other issues in this case. On the other hand, discovery will be much less onerous if MMLLC is limited to out-of-pocket damages. Thus, in the interest of efficiency, Defendant is respectfully asking the Court for a ruling on this issue now via a motion for partial judgment on the pleadings under Civil Rule 12(c).

Defendant David Stanfill had no contract with MMLLC. The Complaint is unequivocal in alleging that the subject contract for sale of computers was between MMLLC and a third-party. As a result, Ohio law limits MMLLC's recovery from David Stanfill on its fraud claim to out-of-pocket damages and forbids MMLLC from recovering lost profits.

**MATERIAL ALLEGATIONS RELATING TO THE FRAUD CLAIM**

Plaintiffs make two claims in this lawsuit, one of which is central to this motion. That claim alleges fraud against David Stanfill for purportedly inducing MMLLC into contracting with Squirrels Research Laboratories, LLC (SQRL) to purchase cryptocurrency mining computers when Mr. Stanfill (allegedly) knew or should have known that SQRL could not deliver. The other claim arises out of MMLLC's purchase of an ownership interest in SQRL. As this latter claim does not seek lost profits, it is not material to this motion.

The gist of the fraud claim is that David Stanfill allegedly made representations about SQRL's ability to provide cryptocurrency mining computers that purportedly caused MMLLC to purchase the mining computers *from SQRL*. MMLLC further alleges that the representations were knowingly or recklessly false.

If this case reaches the merits, Defendant will show that a world-wide microchip shortage and a fire at SQRL's mining site prevented SQRL's performance under the contracts. However, for this motion, the allegations of the complaint are assumed to be true. Thus, the allegations material to this motion are as follows.

MMLLC alleges that David Stanfill was the CEO and an owner of SQRL. (Complaint, ¶¶ 5 and 6). It claims that David Stanfill "held SQRL out as the manufacturer and vendor of cryptocurrency mining computers," and that he "marketed SQRL's cryptocurrency mining computers to" MMLLC and Maranda. (Complaint, ¶¶ 20, 22). MMLLC further alleges that Mr. Stanfill "touted the features of several models of its machines with remarks augmented with a slide presentation." (Complaint, ¶ 24). However, the Complaint provides no specific information regarding what Mr. Stanfill supposedly represented. The only alleged representation by Mr. Stanfill that even approaches the **specificity requirements** for a fraud claim is the claim that "Stanfill also presented SQRL to Maranda and MMLLC as a thriving and vibrant company. Stanfill indicated that SQRL was growing, and had the financial wherewithal to deliver on its orders." (Complaint, ¶26). Finally, MMLLC claims that Mr. Stanfill "knew or reasonably should have known that SQRL did not have sufficient inventory of machines to fill those orders on time." (Complaint, ¶ 41).

MMLLC goes on to allege that it **contracted *with SQRL*** to purchase the machines**,** and that **SQRL** went on to make promises about delivery dates for the cryptocurrency mining

computers. (Complaint, ¶¶ 29 – 39). MMLLC claims that it purchased 6,100 machines from SQRL, but that SQRL only delivered 2,130. (Complaint, ¶¶ 42, 43). Most importantly for this motion, MMLLC concedes that by October 2021 **it had recovered all of the money that it had paid SQRL** for the cryptocurrency mining computers by selling all of its rights in the computers to a third party. (Complaint, ¶ 50). Thus, the question addressed by this motion is that, given that MMLLC was made whole, what damages does it have on the fraud claim?

MMLLC claims that it lost out on the opportunity to mine cryptocurrency using those computers from June 2021 through August 2021, and therefore seeks to recover at least $3.5 million in alleged damages. If required to do so, however, Mr. Stanfill will prove that MMLLC was not planning to hold the computers and instead had contracts to sell them. This defense will require more than a dozen depositions and intense paper discovery. The purpose of this motion is to avoid this expense because, as a matter of law, Ohio law only allows MMLLC to recover its out-of-pocket damages, and does not permit MMLLC to recover lost profits on its tort claim against Mr. Stanfill.

**LEGAL BASIS FOR GRANTING THIS MOTION**

   **A. Legal Standard.**

This Court very recently reiterated the standard in addressing a motion for judgment on the pleadings:

> The standard of review applicable to a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is the same as the standard of review applicable to a motion made pursuant to Rule 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Fed. R. Civ. P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." To warrant dismissal, "it [must] appear[] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [*3] *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.

> Ct. 99, 2 L. Ed. 2d 80 (1957)). "A district court considering a defendant's motion to dismiss under Rule 12(b)(6) must construe the complaint in the light most favorable to the plaintiff and accept the plaintiff's allegations as true." *Thurman v. Pfizer, Inc.*, 484 F.3d 855 (6 Civ. 2007). However, it is unnecessary for the court to "accept as true legal conclusions or unwarranted factual inferences." *Kottmyer*, 436 F.3d at 688 (citing Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000). Plaintiff is required to provide more than labels and conclusions; a recitation of the elements of a cause of action is not sufficient. *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

*Godfrey v. Fuda*, N. D. Ohio No. 4:22CV225, 2023 U.S. Dist. LEXIS 19788, at *2-3 (Feb. 3, 2023). Assuming the truth of the allegations regarding fraud, MMLLC is not entitled to lost profits, as a matter of law, because it had no contract with David Stanfill.

**B. Ohio law does not permit lost profits on a fraud claim where there was no contract between the plaintiff and the defendant.**

For more nearly 100 years, the rule of law for fraud damages in Ohio has been that the "measure of damages resulting from a sale induced by a vendor's fraudulent representation is the difference between the actual value of the property at the time of the purchase and its value had it been as represented." *Molnar v. Beriswell*, 122 Ohio St. 348, 348, 171 N.E. 593 (1930) (Syllabus, ¶1). Over the ensuing decades, Ohio courts repeatedly endorsed that rule. See, e.g., *Burnam v. Howard*, S.D. Ohio No. C-1-03-852, 2005 U.S. Dist. LEXIS 12733, at *1 (June 2, 2005); *Starinki v. Pace*, 41 Ohio App.3d 200, 202, 535 N.E.2d 328 (9th Dist.1987); *DeFilippo v. Szabo*, 9th Dist. Medina C.A. No. 918, 1980 Ohio App. LEXIS 14262, at *1 (May 14, 1980); *Wilchins v. Pool*, 29 Ohio App.2d 223, 224, 280 N.E.2d 396 (1st Dist.1971); and *Citizens Banking & Savs. Co. v. Spitzer, Rorick & Co.*, 65 Ohio App. 309, 310, 29 N.E.2d 892 (10th Dist.1938).

"Ohio courts have generally followed, whether specifically noted or not, the principles set forth in the Restatement (Second) of Torts when discerning the propriety and amount of damages in fraud cases." *Auto Chem Laboratories, Inc. v. Turtle Wax, Inc.* (Sept. 24, 2010), S.D. Ohio No.

5

3:07cv156, 2010 U.S. Dist. LEXIS 100677. The longstanding rule in Ohio is reflected in the Restatement (Second) of Torts, at §549. The general rule for damages for fraudulent misrepresentation is set forth in the Restatement (Second) of Torts §549 ("Measure of Damages for Fraudulent Misrepresentation"):

> (1) The recipient of a fraudulent misrepresentation is entitled to recover as damages in an action of deceit against the maker the pecuniary loss to him of which the misrepresentation is a legal cause, including
>
>> (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and
>>
>> (b) pecuniary loss suffered otherwise as a consequence of the recipient's *reliance* on the misrepresentation.

(Emphasis added).[1]

> Comment "g" to this section of the Restatement makes clear the limitations of this rule:
>
> The rules stated in Subsection (1) are the logical rules for a tort action, since **the purpose of a tort action is to compensate for loss sustained and to restore the plaintiff to his former position, and not to give him the benefit of any contract he has made with the defendant**. When the plaintiff **has not entered into any transaction with the defendant but has suffered his pecuniary loss through reliance upon the misrepresentation in dealing with a third person**, these are the rules that must of necessity be applied.

(Emphasis added). These are precisely the circumstances alleged here. MMLLC claims that it contracted *with SQRL* because Mr. Stanfill (allegedly) represented that SQRL was a vibrant company that could deliver on MMLLC's orders. Mr. Stanfill was not a party to that contract.

Numerous Ohio courts have followed and applied this rule. One of the first to address the distinction in damages when there is no contract with the defendant was *Burke v. Gene Hoffman Dev. Corp.*, 8th Dist. Cuyahoga No. 35192, 1977 Ohio App. LEXIS 8099 (April 14, 1977). There, the Eighth District Court of Appeals refused to allow lost profits on a fraud claim where the fraud

---

[1] The portion of the rule stated in (a) is the rule stated in *Molnar v. Beriswell*, supra.

defendant, a bank, did not contract with plaintiff. The plaintiff was a building contractor that had contracted with a developer based on representations by the manager of the bank from which the developer had borrowed money. The manager of the bank had told the plaintiff building contractor that the bank had loaned money to the developer and that the bank would disburse payments for the contractor's services to the developer. As a result, the plaintiff contractor entered a contract with the developer.

In holding that the plaintiff not entitled to lost profits from the bank, the Eighth District Court of Appeals noted that "plaintiff alleged that the bank's fraudulent representation caused him to continue performance under a contract with a third party, Hoffman. Accordingly, Burke's recovery against the bank should have been limited to his out-of-pocket losses." Id., at p. 15. These damages are sometimes referred to as "out-of-pocket" damages. *Auto Chem Labs, Inc. v. Turtle Wax, Inc.,* D.C.S.D. Ohio No. 3:07cv156, 2010 U.S. Dist. LEXIS 100677, 2010 WL 3769209 (Sept. 24, 2010).

Consistent with this rule, the court in *Auto Chem Labs, Inc.,* noted that "if a plaintiff seeks damages for misrepresentation from a defendant not party to a transaction, 'the plaintiff may recover only his pecuniary loss' and that the same 'do[es] not include lost profits.'" Id., at p. 26. That decision quoted comment "g" to Restatement §549 at length and held that

> in a situation where a plaintiff has suffered loss as a result of tortuously fraudulent conduct not involving a contract, the plaintiff is entitled to recoup his out-of-pocket expenses, which the Restatement defines as "the pecuniary loss to him of which the misrepresentation is a legal cause, including [] the difference between the value of what he has received in the transaction and its purchase price or other value given for it[,] and [any] pecuniary loss suffered otherwise as a consequence of the recipient's reliance upon the misrepresentation.

7

Id., at pp. 25-26. That court went on to emphasize that for a plaintiff to be permitted to recover lost profits it must "prove that the Defendant is liable to them for fraud, based on a valid contract that existed between the parties." Id., at p. 26.

Recently, the United States District Court for the Southern District of Ohio again endorsed this rule. *Abington Emerson Capital, LLC v. Adkins*, S.D. Ohio No. 2:17-cv-00143, 2021 U.S. Dist. LEXIS 194677, at *2 (Oct. 8, 2021). These cases make clear that the rule in Ohio is that where a fraud claim arises out of a contract made with a third party, the out-of-pocket rule applies, and a plaintiff is not entitled to lost profits.

MMLLC may call to this Court's attention the second part of Restatement §549, which states a second rule that only applies in very limited circumstances that do not exist here. Part (2) of that section provides that the "recipient of a fraudulent misrepresentation in a business transaction is also entitled to recover additional damages sufficient to give him the benefit of his **contract with the maker**, if these damages are proved with reasonable certainty." (Emphasis added). In addition to the express language of the rule, the comments make clear that a contract between the parties is required for this rule to apply: "When the **plaintiff has made a bargain with the defendant**, however, situations arise in which the rules stated in Subsection (1), and particularly that stated in Clause (a) of that Subsection, do not afford compensation that is just and satisfactory." Restat 2d of Torts, § 549, comment g (Emphasis added).

Any argument that this provision should apply here would be misplaced because the cases discussed above make clear that Ohio courts only allow for expanded fraud damages when there exists a contract between the plaintiff and defendant. In contrast, there was no contract between MMLLC and Mr. Stanfill for the sale of cryptocurrency mining computers. MMLLC alleges unequivocally that its contract was with SQRL. The claim against defendant is that he fraudulently

8

induced plaintiffs to contract with a third party. As noted in comment "g" to the Restatement, the rule that damages in a *tort action* are to compensate the plaintiff for his loss apply and the out-of-pocket rule "must of necessity be applied." Plaintiff's claim for lost profits (here, $3.2 million) is not recoverable under the applicable rule.

## CONCLUSION

The rule on damages for a claim alleging fraudulent misrepresentation in connection with a contract with a third party is the out-of-pocket rule. That rule provides compensatory damages consistent with tort law and allows a plaintiff to recover the difference between what was delivered and what was paid. It does not allow recovery for any lost profits claimed by MMLLC.

Defendant, therefore, respectfully requests that the Court grant this motion for partial judgment on the pleadings, and find that MMLLC can present no claim for lost profits.

/s/ *Jack B. Cooper*
Jack B. Cooper (#0069321)
Milligan Pusateri Co., LPA
P.O. Box 35459
4684 Douglas Circle N.W.
Canton, OH 44735
Phone: (234) 209-9793
Fax: (330) 409-0249
Email: jcooper@milliganpusateri.com
*Counsel for Defendant*

## PROOF OF SERVICE

      This is to certify that on March 14, 2023, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including counsel for Defendants listed below. Parties may access this filing through the Court's system. Served via the Court's ECF system to the parties listed below, who are on the ECF mailing list for this matter. In addition, this will certify that a copy of the foregoing was served on the following by the method(s) indicated below, on March 14, 2023:

Robert E. Soles, Jr. (#0046707)
Kara Dodson (#0075527)
6545 Market Ave. N.
North Canton, Ohio 44721
Telephone: (330) 244-8000
Telefax: (330) 244-8001
bsoles@soleslaw.com
kdodson@soleslaw.com

By electronic mail only

                                    */s/ Jack B. Cooper*
                                    Jack B. Cooper (#0069321)