UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MARANDA<br>and MICHAEL MARANDA, LLC.<br><br>  Plaintiffs,<br><br>v.<br><br>DAVID STANFILL,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO: 5:22-cv-02015<br><br>JUDGE JOHN R. ADAMS<br><br>**ORDER AND DECISION**<br><br>(Resolves Doc. 10) |

Pending before the Court is Defendant David Stanfill's Rule 12(c) motion for partial judgment on the pleadings. (Doc. 10.) Defendant challenges the legal sufficiency of Plaintiffs Michael Maranda and Michael Maranda, LLC's claim to consequential damages for lost profits as a result of late and incomplete delivery of an order of specialized field programmable gate array ("FPGA") computing devices for use in Plaintiffs' cryptocurrency mining business pursuant to a purchase contract with Squirrels Research Labs LLC ("SQRL"), a non-party, for which Defendant served as co-founder and CEO. Plaintiffs allege that Defendant fraudulently induced Plaintiffs into contracting with SQRL through materially false statements while knowing that SQRL would be unable to fulfill the terms of the order and knowing that Plaintiffs would suffer losses as a result of not being able to use the machines to engage in cryptocurrency mining.

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12

(6th Cir. 2001). The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

While it has long been the rule that a party to a contract can be liable for profits lost as a result of the party's failure to perform, *Hadley v. Baxendale*, 29 Exch. 341 (1854), Defendant argues in this case that he and Plaintiffs did not have a contract with one another, and therefore damages against Defendant may only be found in tort, which does not offer consequential damages for lost profits as a remedy under Ohio law.

Defendant is correct that Plaintiffs allege entering into contracts with SQRL, not Defendant, despite Defendant's involvement as an officer of SQRL. However, Plaintiffs bring this suit against Defendant individually, not SQRL. Plaintiffs therefore do not allege a claim in contract against Defendant. Without a contract claim, there must be some viable legal theory in tort that offers Plaintiffs damages for lost profits.

Ohio courts have generally followed the principles set forth in the Restatement (Second) of Torts when discerning the propriety and amount of damages in fraud cases. *Auto Chem Labs., Inc. v. Turtle Wax, Inc.*, 2010 WL 3769209 at *21 (S.D. Ohio Sept. 24, 2010). Under the Restatement, a plaintiff may potentially recover "the benefit of his contract" in a claim for fraudulent misrepresentation. Restatement (Second) of Torts § 549(2) (Am. Law Inst. 1977). However, "if a plaintiff seeks damages for misrepresentation from a defendant not party to a transaction, the plaintiff may recover only his pecuniary loss and that the same does not include lost profits." *Auto Chem Labs*., at *7 (citations, quotations, and alterations omitted).

Plaintiffs urge this Court to abandon this well-established rule under Ohio law based upon Defendant's status as the CEO of SQRL. In support, Plaintiffs urge the Court to adopt a rule under

which principals and agents are jointly and severally liable for any fraud. However, this position effectively asks the Court to ignore the business structure of SQRL, an LLC. As Plaintiffs have provide no precedent that would allow for lost profits to be recovered directly from Defendant under their agency theory, the Court declines to depart from Ohio's general rule that lost profits are not available to recover from a non-party to a contract.

For the foregoing reasons, Defendant's motion for judgment on the pleadings as to Plaintiffs' claim for damages as a result of lost profits is GRANTED. Plaintiffs' claims for lost profits are DISMISSED.

IT IS SO ORDERED.

August 31, 2023    /s/ Judge John R. Adams
Date    JUDGE JOHN R. ADAMS
    UNITED STATES DISTRICT COURT